UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY F. STANLEY,<br>Plaintiff,<br>v.<br>ROD DAVIS, et al.,<br>Defendants. | Case No. 18-cv-05323-JST (PR)<br><br>**ORDER OF DISMISSAL** |

On August 20, 2018, plaintiff, a California death row inmate at San Quentin State Prison ("SQSP") proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California. ECF No. 1. The Eastern District transferred the action to this District. ECF No. 3. On August 29, 2018, the Clerk notified plaintiff that he had neither paid the filing fee nor completed an application to proceed in forma pauperis ("IFP"). ECF No. 5. The Clerk mailed plaintiff the Court's prisoner IFP form along with the deficiency notice, as well as a stamped return envelope and instructions for completing the IFP form. *See id.* The notice informed him that the case would be dismissed if he did not either pay the filing fee or file a completed IFP application within 28 days. *See id.*

On September 18, 2018, the Clerk's IFP notice was returned as undeliverable. *See* ECF No. 9. SQSP provided no notation as to why the mail was undeliverable. *See id.* The Court made two additional attempts to send plaintiff a copy of the prisoner IFP form, and both times the mail was returned as undeliverable. *See* ECF Nos. 12, 13.

On November 29, 2018, the Court entered an order directing the SQSP Litigation Coordinator to provide a clearer record of why court mail was being returned. ECF No. 14. The Court also directed the Litigation Coordinator to notify the Court whether plaintiff had accepted his copy of the November 29, 2018 order and, if not, what reasons he gave for refusing to accept.

1  Plaintiff was advised that refusal to accept his legal mail could result in a dismissal for failure to
2  prosecute pursuant to Federal Rule of Civil Procedure 41(b).
3        Plaintiff's copy of the November 29, 2018 order was returned as undeliverable on
4  December 27, 2018 with the notation that the letter had been opened in plaintiff's presence. *See*
5  ECF No. 17. The Litigation Coordinator has provided a response to the order through the
6  California Attorney General's Office. *See* ECF No. 19. According to the response, SQSP
7  correctional officer B. Houghton, who reports he has a good relationship with plaintiff,
8  investigated the matter. ECF No. 19-1 at 2. Officer Houghton reports that plaintiff has a practice
9  of refusing mail "(i) if the mail is being delivered by a correctional officer whom Plaintiff does not
10 know or does not trust, and/or (ii) because Plaintiff believes that the mail that is being delivered to
11 him has been tampered with." *Id.* at 3. After Officer Houghton interviewed plaintiff in
12 connection with his refusal to accept court mail in this case, plaintiff gave Officer Houghton a
13 letter that states that "one [order] returned from U.S. Dist[rict] Court S.F. [was] returned twice."
14 *Id.* at 5 (emphasis in original). The letter also states that legal mail was "at least 3 or 4 times
15 'opened by mistake, signed Green'" and that "[i]t is absolutely always new guards doing legal
16 mail that there are problems. The mailroom supervisor Fernandez-Reyes is a constant
17 problem . . . . It is always the mailroom and/or new guards creating these constant problems." *Id.*
18 (emphasis in original). Plaintiff includes, "I have never ever had any problems with legal mail
19 Officers Houghton, Officers Ulrich or Guttig." *Id.*
20       Although the language of plaintiff's letter is not entirely clear, it does show that plaintiff
21 has received mailed items sent by this Court, and that plaintiff has refused to accept them based on
22 his belief that the items were opened by mailroom staff. Plaintiff is advised that prison officials
23 may open and inspect mail to a prisoner from courts outside the prisoner's presence because mail
24 from courts, as opposed to mail from a prisoner's lawyer, is not "legal mail." *Hayes v. Idaho*
25 *Correctional Center*, 849 F.3d 1204, 1211 (9th Cir. 2017); *Keenan v. Hall*, 83 F.3d 1083, 1094
26 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998). With rare exceptions, correspondence
27 from a court to a litigant is a public document. *See Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir.
28 1987).

This case has been pending for almost four months and, because of plaintiff's refusal to accept legal mail, is not even past the most preliminary step of having a complete IFP application on file. Accordingly, the action is DISMISSED without prejudice for plaintiff's failure to respond to the Court's IFP orders and for failure to prosecute under Federal Rule of Civil Procedure 41(b). Because this dismissal is without prejudice, plaintiff may move to reopen the action. Any such motion **must** contain a complete IFP application, or full payment for the $400.00 filing fee.

Finally, the Court notes that the complaint is missing page 2 from the court's civil rights complaint form. Accordingly, any motion to reopen must also contain a complete complaint form. Plaintiff must answer all the questions on the form in order for the action to proceed.

The Clerk shall include a blank civil rights complaint form and a prisoner IFP form with a copy of this order to plaintiff.

The Clerk is further directed to terminate all motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: January 16, 2019

_____
JON S. TIGAR
United States District Judge